**IN THE UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) | Civil No. 04-3565(DSD) |
| | ) | Criminal No. 02-294(DSD/SRN) |
| v. | ) | |
| Alexander Malave. | ) | |

RECEIVED
BY MAIL
FEB 15 2005
CLERK, US DIST. COURT
ST. PAUL, MN

**Motion to Alter or Amend**

Now comes the Petitioner, Alexander Malave, untrained in law, unable to bring a perfect petition, proceeding as a pro se litigant as defined in Haines v. Kerner, 404 U.S. 519 (1972); and respectfully request reconsideration of the denial of the Petitioner's Motion to Vacate, Correct, or Set Aside Sentence, filed pursuant to Title 28 U.S.C., pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. The bases for this request for reconsideration is as follows:

**Background**

On November 2, 2004, the Petitioner filed a motion to vacate, correct, or set aside his sentence pursuant to Title 28 U.S.C. §2255. The Petitioner request for relief was based primarily on the recent Supreme Court ruling rendered in Blakely v. Washington, 542 U.S. ____ (2004).

On February 7, 2005 this honorable court considered the Petitioner's §2255 pleadings, and denied those pleadings on that same date. The honorable court based its denial on the fact that it believed that Blakely should not be applied retroactively to the instant case.

The Petitioner believes the decision was made in error, and beseeches this honorable court to reconsider its finding and judgement.

SCANNED
FEB 15 2005
U.S. DISTRICT COURT ST. PAUL

## Arguments

I. Initial Matters

A motion filed pursuant to 59(e) of the Federal Rules of Civil Procedure is properly brought before the honorable court, and should be granted, if the movant can successfully sustain a claim(s) that; (1) there has been an intervening change in law, (2) new evidence not previously available has emerged, or (3) there is a need to correct a clear error of law or prevent a manifest injustice. (See Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir. 1988); Curtis v. NID PTY, Ltd., 248 F.Supp.2d 836 (S.D. Iowa 2003); Barker v. John Morrell & Co., 266 F.Supp.2d 836 (N.D. Iowa 2003)).

In the instant matter the Petitioner firmly believes that there has been an intervening change in law, and if the honorable court does not review the §2255 in light of that change, a manifest injustice will occur. The Petitioner is specifically refering to the recent decision rendered in U.S. v. Booker, 543 U.S. ______, slip opinion (2005), where the Supreme Court plainly stated that their decision in Blakely applied to the Federal Sentencing Guidelines, and reinterpeted the Sentencing Reform Act of 1984 making the Federal Sentencing Guidelines advisory in nature. The honorable court clearly did not take into consideration when reviewing the clams of the instant §2255 pleadings the impact of Booker on its direct predecessor Blakely. Nowhere in the main body of the honorable court's judgement was the Booker case mention. Because Booker is so closely related to Blakely, and Booker clarifies the Supreme Court's decision in Blakely, the court erred in not considering Booker's effect in adjudicating the claims of the Petitioner's §2255 pleadings.

In consideration of the foregoing the Petitioner firmly belives a reconsideration of the Petitioner's §2255 pleadings is in order, and the court should alter or amend its judgement to reflect a just decision based on the constitutional ruling announced in Booker.

II. Court Erred in Not Considering the Impact of U.S. v. Booker in Adjudicating the Petitioner §2255 Pleadings

On February 7, 2005, the honorable court denied the Petitioner's §2255 pleadings based on the reasoning that Blakely v. Washington, supra, should be deemed a new rule of constitutional law that is procedural in nature, and therefore, should not be applied to cases on collateral review. (See District Court Order, p.g. 3, Feb. 7, 2005). The honorable court primarily based its decision on the recent ruling rendered in Schiro v. Summerlin, 124 S.Ct. 2519 (2004). The honorable court also cited Teague v. Lane, 489 U.S. 288 (1989), making it abundantly clear that the honorable court believes that Blakely does not fit in either of the two exception articulated in Teague that makes a new constitutional rule retroactive to cases on collateral review. The Supreme Court from Teague to Summerlin has determine that new rules of constitutional law that are procedural in nature are subject to a Teague retroactivity analysis, and generally those type of new constitutional rulings should not be given retroactive effect to cases on collateral review. (See Penry v. Lynaugh, 492 U.S. 302, 313 (1989); Sawyer v. Smith, 497 U.S. 227 (1990); Graham v. Collins, 506 U.S. 461, 466-67 (1993); Bousley v. U.S., 523 U.S. 614, 620 (1998)). The Petitioner concedes that the honorable court could be correct in its Teague nonretroactivity exegesis. However, the Petitioner respectfully contends that the honorable court's understanding on whether Blakely, and more importantly Booker, should be applied retroactively to cases on collateral review is misplaceed.

Although the Petitioner did not actually cite U.S. v. Booker, 543 U.S. ____, slip opinion (2005), as his bases for relief. The Petitioner firmly believes that the honorable court should have considered the Booker ruling in adjudicating the Petitioner's §2255 pleading sua sponta, because of Booker's

direct effect on the Supreme Court's ruling in Blakely. All taken into consideration, the Petitioner respectfully contends, now that we have the wisdom of Booker, it is abundantly clear that Blakely's offspring, Booker, should be applied retroactively to the instant case automatically without being subject to Teague's nonretroactivity analysis.

In support of the Petitioner's assertion that Booker should be applied retroactively automatically to case on collateral review, without any regard to a Teague analysis. The Petitioner would respectfully submit to the honorable court that Booker is a constitutional ruling that interpets the meaning of a criminal statute, and therefore, should be per se retroactive to cases on collateral review. There is a significant body of case law that supports the Petitioner's the assertion. (See Bousley, supra, 532 U.S. at 620; U.S. v. Ryan, 227 F.3d 1058,1062 (8th Cir. 2000)). In Ryan, The Eighth Circuit Court of Appeals applied this line of reasoning by weighing the retroactive effect of Jones v. U.S., 523 U.S. 848 (2000), in respects to that case. There the Eighth Circuit stated in relevant part:

"First, Teague v. Lane (cited ommitted), does not bar the application of Jones to Ryan's claim for postconviction relief. Teague applies when the Supreme Court announces a ' new constitutional rule of criminal procedure,' generally barring the application of such rules to cases on collateral review. (cite ommitted). The Court has made clear, however, that Teague does not apply in those cases in which the Court determines the meaning of a criminal statute enacted by Congress, because such decision involves the substantive reach of a federal statute, not a new rule of criminal procedure. " (Ryan, supra, 227 F.3d at 1062-63;(citing Bousley v. U.S., 523 U.S. 614 (1998)).

The Booker Court, like the Jones Court, interpeted a body of criminal law which involves the substantive reach of a federal statute. The Booker

Court plainly articulates this understanding in its landmark opinion. In Booker the Court plainly stated:

" We answer the question of remedy by finding the provision of federal sentencing statute that makes the Guidelines mandatory, 18 U.S.C. §3553(b)(1), incompatible with today's constitutional holding, we conclude that this provision must be severed and excised, as must one other statutory section §3742(e), which depends upon the Guidelines mandatory nature. So modified, the Federal Sentencing Reform Act, see Sentencing Reform Act of 1984, as amended makes the Guidelines effectively advisory." (Booker, supra, 543 U.S. _____, Justice Breyer, slip opinion at 2).

Also the Booker Court stated in relevant part:

" But today's constitutional holding means that it is no longer possible to maintain the judicial factfinding that Congress thought would underpin the mandatory Guideline system that it sought to create and Congress wrote into the Act..." (Booker, supra, 543 U.S. _____, Justice Breyer, slip opinion at 3).

All of the above-mentioned clearly illustrates that the Booker Court interpeted and redefined the Sentencing Reform Act of 1984. Reducing the Federal Sentencing Guidelines to advisory notes, and ultimately substantively changing how that body of criminal law can be used in respect to criminal cases. This type of constitutional ruling, because of its substantive nature, can not be circumscribed Teague, and should be automatically applied to cases on collateral review.

The Petitioner respectfully submits to the honorable court that the Teague new constitutional rule of procedural law doctrine is not applicable here. The substantive constitutional rule of criminal law announced in Booker makes this abundantly clear. Booker interpets the meaning of the Sentencing Reform Act, and therefore, should be applied retroactive to cases on collateral

review. Now that we have the benifit of the wisdom announced in Booker, the Petitioner implores this honorable court to reconsider its judgement in light of Booker and the foregoing arguments.

**Conclusion**

In consideration of the foregoing the Petitioner respectfully request that this honorable court alter or amend its judgement to determine pursuant to the understanding cited above if Booker applies retroactively to the Petitioner's claims for relief filed in his §2255 motion.

Date: 2-13-05

Respectfully Submitted,

[signature]

Alexander Malave