UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 02-294(DSD/SRN)

United States of America,

Plaintiff,

v. **ORDER**

Alexander Malave,

Defendant.

This matter is before the court upon defendant's pro se motion for judicial recall of the mandate for post-Booker sentencing. Based upon a review of the file and record and for the following reasons, the court denies defendant's motion.

On August 30, 2002, defendant Alexander Malave was charged in a two-count indictment with possession with intent to distribute in excess of 50 grams of methamphetamine and possession with intent to distribute in excess of 500 grams of cocaine. Defendant pleaded guilty to count two of the indictment on November 8, 2002. On February 12, 2003, the court sentenced defendant to 108 months imprisonment. On December 15, 2003, the Eighth Circuit Court of Appeals affirmed defendant's conviction and sentence. Defendant filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 on September 4, 2004, which the court denied on February 7, 2005. Defendant then filed a motion to amend or alter judgment pursuant to Federal Rule of Civil Procedure 59(e), which the court also denied.

Defendant now moves the court to recall the mandate under the rationale described in Carrington v. United States, 470 F.3d 920 (9th Cir. 2006). Defendant cites no authority to support his request other than the Carrington decision. In Carrington, the Ninth Circuit Court of Appeals recalled the mandate and vacated the sentences of two prisoners, Craig Carrington and Robert Tillitz, based on "extraordinary circumstances." See Carrington, 470 F.3d at 921. Carrington and Tillitz had separately been convicted of drug offenses and each received sentences of more than 300 months imprisonment. District Court Judge Robert Bryan presided over Carrington and Tillitz's sentencings, and at each he commented at length about the unfairness of the United States Sentencing Guidelines. See id. at 921-22. In 2005, Carrington and Tillitz sought modification of their sentences, and Judge Bryan combined their cases. See Tillitz v. United States, No. C05-5144, 2005 WL 2921957 (W.D. Wash. Nov. 3, 2005). Although he denied the prisoners relief on the grounds they set forth, Judge Bryan sua sponte asked the Ninth Circuit to recall the mandate based on extraordinary circumstances. See id. at *12-13. In his order, Judge Bryan decried the unfairness that Carrington and Tillitz experienced because of the nonretroactivity of the Supreme Court's recent decision in United States v. Booker, 543 U.S. 220 (2005). Upon review, the Ninth Circuit recalled the mandate, citing Judge Bryan's comments at sentencing coupled with his impassioned plea in

the November 3 order as extraordinary circumstances that merited relief. See Carrington, 470 F.3d at 924-25.

The extraordinary circumstances identified in Carrington are not present in defendant's case. Defendant argues that at sentencing the court expressed its frustration with the sentencing guidelines and the way they "tied [the court's] hands." (Def. Pet. at 6.) However, the court did not make this statement or offer its opinion on the sentencing guidelines. (See Tr. of Sentencing, Nov. 8, 2002.) In short, there were no extraordinary circumstances to warrant the relief defendant requests.

Therefore, **IT IS HEREBY ORDERED** that defendant's motion for judicial recall of mandate [Doc. No. 54] is denied.

Dated: July 25, 2007

s/David S. Doty
David S. Doty, Judge
United States District Court