UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 02-294(DSD/SRN)

United States of America,

Plaintiff,

v. **ORDER**

Alexander Malave,

Defendant.

This matter is before the court upon defendant Alexander Malave's pro se letter requesting a reduction in sentence due to an alleged due process violation, which the court construes as a motion for relief under 28 U.S.C. § 2255. After a review of the file and record, and for the following reasons, the court denies defendant's motion.

On August 30, 2002, defendant Alexander Malave was charged in a two-count indictment with possession with intent to distribute in excess of 50 grams of methamphetamine and possession with intent to distribute in excess of 500 grams of cocaine. Defendant pleaded guilty to count two of the indictment on November 8, 2002. On February 12, 2003, the court applied a two-level enhancement for possession of firearms in connection with a controlled substance offense and sentenced defendant to 108 months imprisonment. On December 15, 2003, the Eighth Circuit Court of Appeals affirmed defendant's conviction and sentence. Defendant filed a motion to

vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 on September 4, 2004, which the court denied on February 7, 2005. Defendant then filed a motion to amend or alter judgment pursuant to Federal Rule of Civil Procedure 59(e) and a motion to recall the mandate, each of which the court also denied.

On June 13, 2008, defendant wrote a letter to the Chief Probation Officer for the District of Minnesota arguing that the two-level enhancement he received at sentencing violated his sixth amendment due process rights. The court construes defendant's letter as a § 2255 motion for habeas relief alleging a violation of his fifth amendment due process rights.

Pursuant to 28 U.S.C. § 2255, a "second or successive motion must be certified ... by a panel of the appropriate court of appeals" to contain newly discovered evidence or a new rule of constitutional law. A § 2255 motion based on newly discovered evidence must be filed within one year of "the date on which the facts supporting the claim or claims could have been discovered." 28 U.S.C. § 2255. Defendant has not sought certification for a successive § 2255 motion, nor has he presented "newly discovered evidence" or a new rule of constitutional law in his letter to the Probation Office.

Accordingly, **IT IS HEREBY ORDERED** that Alexander Malave's motion for § 2255 relief [Doc. No. 57] is denied.

Dated: July 7, 2008

s/David S. Doty
David S. Doty, Judge
United States District Court